UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-268(2)(SRN/LIB)

UNITED STATES OF AMERICA,

Plaintiff,

v.

(2) MIA FAYE SUMNER,

Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and Defendant Mia Faye Sumner (hereinafter referred to as the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The Defendant agrees to plead guilty to Count 1 of the Superseding Indictment, which charges the Defendant with Murder in the Second Degree, in violation of 18 U.S.C. §§ 2, 1111, 1151, and 1153(a). The Defendant fully understands the nature and elements of the crimes with which she has been charged. At the time of sentencing, the Government agrees to move to dismiss Counts 2 and 3 of the Superseding Indictment.

2. **Factual Basis**. The Defendant is pleading guilty because she is in fact guilty of Count 1 of the Superseding Indictment. In pleading guilty, the Defendant admits the following facts and that those facts establish her guilt beyond a reasonable

doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

a. On August 12, 2019, in the State and District of Minnesota, and within the exterior boundaries of the Red Lake Indian Reservation, the Defendant, an Indian, knowingly and intentionally aided and abetted Alexia Gah Gi Gay Mary Cutbank and Daniel Charles Barrett to commit the murder of D.A.J. with malice aforethought. Specifically, in the evening hours of August 11, 2019, the Defendant traveled with Alexia Gah Gi Gay Mary Cutbank and Rose Celeste Siewert to the Red Lake Indian Reservation. Once on the Red Lake Reservation, Daniel Charles Barrett and Carter Barrett joined the Defendant, Cutbank, and Siewert in Siewert's vehicle. The Defendant, who had a close relationship with Alexia Cutbank, knew that D.A.J. had stolen a vehicle and drugs from Alexia Cutbank on or about August 3, 2019. The Defendant had attempted to assist Alexia Cutbank with recovering the stolen vehicle and drugs between August 3, 2019, and August 11, 2019. Subsequently, in the early morning hours of August 12, 2019, the Defendant and her co-defendants traveled to the Marlena Mondragon residence, located within the exterior boundaries of the Red Lake Indian Reservation, where D.A.J. was known to reside. The Defendant, along with Alexia Cutbank and Daniel Barrett, exited the vehicle and walked towards the back of the Mondragon residence. The Defendant knew that Alexia Cutbank had a firearm as they entered the breezeway of the residence between the house and the attached garage. Daniel Barrett pushed open the door to the attached garage and nodded to Alexia Cutbank and the Defendant. Alexia Cutbank entered the garage with the Defendant and Daniel Barrett behind her. Cutbank raised her firearm and shot in the direction of D.A.J. three times, striking D.A.J. and T.B.S., who was seated next to D.A.J. D.A.J. died as a result of a gunshot wound to his chest on August 12, 2019.

b. At the time the Defendant entered the residence, the Defendant knew that Alexia Cutbank was searching for D.A.J. because he had stolen her vehicle and drugs. The Defendant further knew that Alexia Cutbank had a firearm as they entered the Mondragon residence. The Defendant agrees that her acts were knowing and voluntary in causing the murder of D.A.J. when she encouraged and assisted Alexia Cutbank in locating D.A.J. The Defendant further agrees that she acted willfully in aiding and

        abetting the murder of D.A.J. when Alexia Cutbank entered the garage and shot D.A.J. and T.B.S. The Defendant agrees that her actions were reckless and showed a wanton disregard for human life.

    c.    The Defendant's acts in aiding and abetting the murder of D.A.J. occurred within the exterior boundaries of the Red Lake Indian Reservation on August 12, 2019.

    d.    The Defendant is an enrolled member of the Red Lake Band of Chippewa Indians and an Indian for purposes of criminal jurisdiction pursuant to 18 U.S.C. § 1153(a).

3.    **Waiver of Pretrial Motions**. The Defendant understands and agrees that she has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the Defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The Defendant agrees that, by pleading guilty, she is withdrawing any motions previously filed.

4.    **Waiver of Constitutional Trial Rights.** The Defendant understands that she has the right to go to trial. At trial, the Defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The Defendant understands that she has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent her. The Defendant understands that she has the right

to persist in a plea of not guilty and, if she does so, she would have the right to a public and speedy trial. By pleading guilty, the Defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The Defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge her guilty without a trial.

5. **Additional Consequences**. The Defendant understands that as a result of her convictions, she could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties**. The Defendant understands that Count 1 of the Superseding Indictment, which charges Murder in the Second Degree in violation of 18 U.S.C. §§ 2, 1111, 1151, and 1153(a), is a felony offense that carries the following statutory penalties:

    a. a maximum term of life imprisonment;

    b. a maximum supervised release term of 5 years;

    c. a maximum fine of $250,000;

    d. mandatory restitution to the victim pursuant to 18 U.S.C. § 3663A;

    e. assessment to the Defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920; and

    f. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

7. **Guidelines Calculations**. The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations. The parties stipulate to the following guidelines calculations:

a. Applicable Guidelines. The applicable version of the Sentencing Guidelines incorporates amendments through November 1, 2018. Guideline Section 2A1.2 applies to Count 1 of the Superseding Indictment.

b. Base Offense Level. The parties agree that the base offense level is **38**. U.S.S.G. § 2A1.2.

c. Specific Offense Characteristics. The parties agree that no specific offense characteristics apply.

d. Chapter 3 Adjustments. The Government agrees that the offense level should be decreased by **2 levels** because the Defendant was a minor participant in the criminal activity. The Defendant believes that the offense level should be decreased by **4 levels** because the Defendant was a minimal participant in the criminal activity. U.S.S.G. § 3B1.2(b). The Government does not agree with a minimal participant role.

e. Acceptance of Responsibility. The Government agrees to recommend that the Defendant receive a **2-level** reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the Defendant has timely notified the government of her intention to enter a plea of guilty, the Government agrees to recommend that the Defendant receive an additional **1-level** reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the Defendant understands and agrees that the Government's recommendations are conditioned upon the following: (1) the Defendant testifies truthfully during the change

    of plea and sentencing hearings; (2) the Defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the Defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report.

f. Criminal History Category. The parties believe that, at the time of sentencing, the Defendant will fall into Criminal History Category **II**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The Defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within her criminal history under the U.S. Sentencing Guidelines, the Defendant will be sentenced based on her true criminal history category, and she will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

g. Guidelines Range. If the adjusted offense level is **33**, and the criminal history category is **II**, the Sentencing Guidelines range is **151-188 months of imprisonment**. If the adjusted offense level is **31**, and the criminal history category is **II**, the Sentencing Guidelines range is **121-151 months of imprisonment**.

h. Fine Range. If the adjusted offense level is **33**, the Sentencing Guidelines fine range is **$35,000** to **$250,000**. If the adjusted offense level is 31, the Sentencing Guidelines fine range is **$30,000** to **$250,000**. U.S.S.G. § 5E1.2(c)(3).

i. Supervised Release. The Sentencing Guidelines require a term of supervised release of at least **2 years** up to a maximum supervised release term of **5 years**. U.S.S.G. § 5D1.2.

8. **Revocation of Supervised Release**. The Defendant understands that if she were to violate any supervised release condition while on supervised release, the Court could revoke her supervised release, and she could be sentenced to

an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The Defendant also understands that as part of any revocation, the Court may include a requirement that she be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the Defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the Defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. However, as part of this plea agreement, the Government agrees to recommend no more than **188 months of imprisonment.** Other than the Government's sentencing agreement, the parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines

range. If the Court does not accept the sentencing recommendation of the parties, the Defendant will have no right to withdraw her guilty plea.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the Defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The Defendant agrees that the special assessment in the amount of $100 is due and payable at Sentencing.

12. **Restitution Agreement**. The Defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the Defendant to make restitution to the victims of her crime, even if the victim is not named in the count of conviction. The Defendant agrees that she owes restitution to the estate of D.A.J. and T.B.S. and agrees that the Court shall order her to pay restitution in an amount to be determined at or before the time of sentencing.

13. **Disclosure of Assets.** The Defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the Defendant has any right, title, or interest, or over which the Defendant exercises control, directly or indirectly. The Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court. The Defendant agrees to complete a financial statement within two weeks of the entry of her guilty plea. The Defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the Defendant's assets and expressly

authorizes the United States to obtain a credit report on the Defendant to evaluate her ability to satisfy financial obligations imposed by the Court. If requested by the United States, the Defendant agrees to submit to one or more asset interviews or depositions under oath.

14. **Forfeiture.** The Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), all firearms, ammunition, and accessories involved in or used in commission of Count 1. The Defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The Defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of any firearms, ammunition, or accessories seized.

15. **Waivers of Appeal and Collateral Attack**. The Defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the Defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the Defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by Defendant challenging the Court's determination as to whether she had a minor or minimal role in the offense pursuant to U.S.S.G. § 3B1.2(a) and (b) and the effect on her guideline range, but only if the Court imposes a sentence greater than 151 months of imprisonment. The Defendant also waives the

right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The Defendant has discussed these rights with her attorney. The Defendant understands the rights being waived, and she waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below **151** months' imprisonment.

16. **FOIA Requests.** The Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

17. **Complete Agreement**. The Defendant acknowledges that she has read this plea agreement and has carefully reviewed each provision with her attorney. The defendant further acknowledges that she understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the Defendant.

ANDREW M. LUGER
United States Attorney

Date: 10/11/2022

BY: DEIDRE Y. AANSTAD
Assistant United States Attorney

Date: 10/11/22

MIA FAYE SUMNER
Defendant

Date: 10/11/2022

SHANNON R. ELKINS
Counsel for Defendant